UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14002-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

JOHN FRANCIS BOLIEAU,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and JOHN FRANCIS BOLIEAU ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to the indictment, which charges Defendant with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a).

2. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a pre-sentence investigation by the Court's probation office, which investigation will

commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. Defendant understands and acknowledges that the Court may impose a term of imprisonment of up to 10 years followed by a term of supervised release of at least 5 years, up to Life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 dollars.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 dollars will be imposed pursuant to Title 18, United States Code, Section 3013(a)(2). Defendant agrees that any special assessment imposed shall be paid

at the time of sentencing. If the special assessment applies and Defendant is indigent, or otherwise financially unable to pay this special assessment amount, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as facts concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if Defendant : (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. Defendant is aware that his sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant.

8. Defendant understands he continues to have a duty to register as a sex offender upon his release from prison. Defendant also understands that independent of supervised release, he is subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that he shall keep his registration current, and he shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, and other relevant information. Defendant shall comply with requirements to periodically verify, in person, Defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Following release from prison, Defendant will be subject to the registration requirements of the particular state in which Defendant resides.

9. Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case, as well as the following rights: to go to trial, to cross-examine the Government's witnesses, to testify on his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may

result from a trial. Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

10. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

Date: 3-21-22

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

LUISA HONORA BERTI
ASSISTANT UNITED STATES ATTORNEY

Date: 3-4-2022

PANAYOTTA AUGUSTIN-BIRCH
ATTORNEY FOR DEFENDANT

Date: 3-11-2022

JOHN FRANCIS BOLIEAU
DEFENDANT