UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14002-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

JOHN FRANCIS BOLIEAU,

     Defendant.
_____/

### GOVERNMENT'S SENTENCING RECCOMENDATION AND INCORPORATED MOTION FOR UPWARD DEPARTURE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Sentencing Recommendation in this Matter as well as its incorporated Motion for Upward Departure for Defendant John Francis Bolieau ("Defendant"). The United States of America ("the Government") respectfully asks this Court to GRANT the Government's Motion for Upward Departure and to sentence Defendant in accordance with the sentencing considerations illustrated both in Title 18, United States Code Section 3553(a) and under the United States Sentencing Guidelines, as outlined in Section 4A1.3(a).

### PROCEDURAL BACKGROUND

On January 18, 2022, Defendant was charged by indictment with one count of failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a). (DE 10). On March 21, 2022, Defendant entered a guilty plea, as charged, to

1

the indictment. (DE 21). Defendant additionally stipulated to the factual basis presented by the Government. (DE 22). On April 28, 2022, and May 20, 2022, the Presentencing Investigation Report ("PSI") and a Final Addendum were filed by US Probation. (DES 28, 29). Defendant's sentencing hearing is currently scheduled for June 1, 2022. (DE 27). According to the PSI, Defendant has a total offense level of 13 (assuming 3 points for acceptance) and a criminal history category of III, which yields an advisory sentencing guideline range of 18 months' imprisonment up to 24 months' imprisonment. (PSI at ¶¶ 22, 81.)

The United States respectfully submits an upward departure is warranted, and that a sentence above the high-end of the sentencing guidelines will be sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

## FACTUAL BASIS FOR CONVICTIONS

On December 4, 2013, in Hampshire County, Massachusetts, case number HDCR2012-00496-1, Defendant was convicted of three counts of Aggravated Rape and Abuse of a Child, M.G.L.A. 265, § 23A, four counts of Indecent Assault and Battery of a Child under 14, M.G.L.A. 265, § 13B and one count of Indecent Assault and Battery on a Person over 14, M.G.L.A. 265, § 13H. He was sentenced to not more than 12 years and not less than 10 years in prison as to the aggravated rape counts (each count to be

served concurrently) and as to the indecent assault counts, 10 years of probation upon completion of his prison sentence, with a specific condition that he register as a sex offender with the Sex Offender Registry Board (SORB). This conviction qualified Defendant as a person required to register as a sex offender under federal law pursuant to SORNA – the Sex Offender Registration and Notification Act.

On or about July 15, 2021, Defendant was released from his prison sentence and was required to wear a GPS ankle monitor upon his release to probation. On July 12, 2021, Defendant signed and acknowledged a Commonwealth of Massachusetts Incarcerated Registration Form, SOR Form 001-1 which specifically advised him that he had to notify the appropriate registering authority, in writing, prior to making any change in residence, employment, or attendance at any educational institution. The form also advised him, and he acknowledged, that he was required to immediately contact and advise of his presence, the appropriate authorities in any other state in which he located himself for the purpose of residence, employment, education, or vocational training. At the time of his release to probation, Defendant was living in Massachusetts and registered this initial Massachusetts address on his form.

On December 15, 2021, the Highlands County Sheriff's Office (HCSO) located and arrested Defendant on a probation violation warrant at his residence at Woody's RV Park, on Jessica Drive in Highlands County, Sebring, Florida, in the Southern District of Florida. Detective Louis Ramos of the Highlands County Sheriff's Office

read Defendant his *Miranda* rights wherein Defendant acknowledged that he understood his rights and agreed to speak with the HCSO. He admitted that he is a registered sex offender and that he cut his GPS ankle-monitor device off with a knife, leaving it at his apartment in Springfield, Massachusetts. He stated that he left Massachusetts and arrived in Miami, Florida, in October 2021 then traveled to Highlands County a few weeks prior to his arrest. Defendant stated that he did not report to any law enforcement officer that he was in Miami-Dade County nor in Highlands County, Florida, nor did he register as a sex offender in the State of Florida.

A review of flight records demonstrated to law enforcement that, in fact, Defendant did travel in interstate commerce when he flew from MA to FL on an American Airlines flight in late October, 2021. From that point, up until the time of his arrest, he was residing in the State or Florida and was, additionally, intermittently working in the State of Florida, as well.

At the request of the U.S. Marshals Service, the Walmart Supercenter in Sebring, Florida, produced several digital video discs, once of which contained video surveillance footage from November 3, 2021. In this video, a woman, later identified as the defendant's then-girlfriend and a female child approximately three years old, believed to be her grandchild, were seen walking out of the store with the defendant and getting into a vehicle. The footage then depicts the woman walking back into the Walmart

alone, whereupon Defendant was left alone in the vehicle with the child for approximately 12 minutes.

## GOVERNMENT'S SENTENCING RECOMMENDATION

In ultimately fashioning an appropriate sentence in this case, this Court will consider the factors set forth in 18 U.S.C. § 3553 and specifically look to the nature and circumstances of the offense and the history and characteristics of the defendant.

*Nature and Circumstances of the Offense*

This case presents the Court, on its face, a regulatory type of criminal violation. Defendant has pled guilty to failing to register his sex offender status upon his relocation to the State of Florida. He is not accused of committing a new "sex-crime," clearly, however his failure to register is more insidious than it would appear just based on the nature of the charge.

For the Government to have the ability to prosecute this crime, Defendant would have to have traveled in interstate or foreign commerce, as a start. 18 U.S.C. § 2250(a)(2)(B). But there is a distinct difference between traveling from bordering states, or, for example, returning home from one state to another after a person has served a criminal sentence. Defendant left Massachusetts, a state documented in his PSI as being the only place he has ever lived for his entire life, to move to South Florida swiftly and abruptly, roughly 1,500 miles away. While an ordinary person is certainly entitled to travel or relocate, Defendant is subject to clear restrictions as a result of his probationary

5

sentence on his state case and obviously is alleged to have completely failed to comply with any of those restrictions when he made this move. It is hard to see this crime as anything other than an attempt to disappear from the criminal sanctions placed upon him in the State of Massachusetts and evade prosecution for probation violations. What better place, so it would seem, to leave the inconveniences and reporting requirements behind you than completely across the country?

Nothing in Defendant's underlying probationary case prohibits him from moving to another state, had he chosen to seek relief from the Court and petition to do so. However, the fact that he failed to do that, that in fact, he cut off his ankle monitor and simply disappeared, is a clear indication that he did not want to be found and should cause this Court great pause when it considers whether there is a likelihood that he will engage in recidivism. Not only did Defendant demonstrate that he had no desire to be found when he got to Florida, he likewise clearly demonstrated that he did not want anyone to know he left the State of Massachusetts.

Defendant is someone out of prison for approximately four months and he immediately engaged in additional criminal conduct, demonstrating in a spectacular way that prison had absolutely no rehabilitative effect on him. Although he documents experimental drugs use throughout his life with up to eight different types of substances, and although he participated in substance abuse treatment while in jail, he claims that he would not benefit from any continued substance abuse treatment now

that he is again in front of a court for sentencing. Nothing about the nature and circumstances of this offense speak to a person who has been rehabilitated. Defendant is someone instead demonstrating that he is interested in disengaging from any authority that tells him what to do, including the authority of the criminal justice system.

*History and Characteristics of the Defendant*

The history and characteristics of this Defendant also paint a bleak picture of someone who is no more ready to conform to the laws of the United States now as he was when he entered the adult state prison system in 2013.

First, Defendant is not a first-time offender. He is a <u>repeat sex-offender</u>, and the kind of sex offender that the United States has a vested interest in keeping track of. This is a fact that is simply *erased* from any guidelines sentence calculated in this case. In 1993, as a 15-year-old juvenile, he committed multiple offenses involving multiple children whose dates of birth ranged from 1985 – 1989 (1985, 1985, 1987, 1989).

Defendant forcibly orally and digitally penetrated the four-year-old and made her touch his penis. The six-year-old he forcibly orally and digitally penetrated. One of the eight-year-olds he forcibly digitally penetrated and at one point, when she saw him sexually assaulting her sister, he chased with a butcher's knife. The other eight-year-old he forcibly vaginally raped and told her that if she didn't put her mouth on his "private part" he would forcibly rape her or "kick her ass."

7

The logic behind excluding juvenile history from consideration when calculating a sentence is not without merit. Clearly, a defendant who has matured and learned from their criminal behavior should not necessarily be held accountable for things they did when they were young. But that logic slips away when the Court sees someone engaging in repeat conduct of the same or similar nature, demonstrating an undeterred path to engage in criminality and an unrelenting desire to perpetrate the same types of crimes on the same types of victims. This Court absolutely should consider this highly relevant juvenile criminal history when reflecting on the history and characteristics of this particular Defendant.

Further, after Defendant became an adult, at age 32, he committed another sex crime against a child, the forcible, repeated vaginal rape of a 13-year-old that took place *over the course of a year*. For this crime, he receives 3 criminal history points -- the exact same number of points that he would receive were he to have received a 24-month prison sentence for sale of marijuana. Or a 15-month sentence for felony driving on a suspended driver license. *This is a substantial underrepresentation of the seriousness of this offense.* Not only was Defendant given an especially lenient ten-year prison sentence, he was not even required to engage in sex-offender treatment now that he has been released back to the general public. There is nothing to stand in the way of his ability to re-engage in repeat violations of the law save for incapacitation – i.e., Defendant being placed back into a correctional setting.

8

*The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence, and Protect the Public from Further Crimes of the Defendant*

It goes without saying that this Court's sentence should reflect the seriousness of the offense in this case and sentencing Defendant to an appropriate sentence is absolutely necessary to reflect the seriousness of a repeat, hands-on sex offender whose first act upon his release from prison is to cut off his ankle-monitor, move halfway across the country, attempt to conceal his presence where he lives and works and then further, to have unsupervised contact with a toddler. The Court's sentence should afford adequate deterrence to anyone who seeks to abscond to the State of Florida, to live without the appropriate supervision that their behavior demonstrates they unequivocally need. Defendant specifically needs to understand that registering his status as a convicted sex offender is not something that he is permitted to do when and where and if it is convenient for him. Defendant needs to be reminded, clearly, that his registration is the Government's means to protect the public from him and to allow the public to make an informed decision about who they live next to, who they employ, who has potential access to their children. The purpose of the sex offender registration is for law enforcement to be able to keep track of defendants precisely like Defendant. Rape, child exploitation, child predation is not something society gets a second chance at. It is not something we can afford to get wrong.

Additionally, the Court should consider how a sentence in this case will promote respect for the law. Defendant's behavior demonstrates that *he has no* respect for the law. The speed with which he committed another felony upon his release from prison is head-spinning. And a review of the PSI in this case shows that he even failed to comply with the simple probationary directive that he have no contact with his own children, violating a no-contact order by contacting his son. Defendant's behavior is reflective of the fact that he simply does not appreciate the gravity of his crime nor the restrictions that have been placed upon him. There is a serious lack of respect for the law that again, should be addressed by a serious sentence.

Finally, the Court should gravely consider the need to protect the public from future crimes of Defendant. Sex offender registration and notification programs are extremely important for public safety purposes. Per Florida Statute, 948.30, if the victim of a sex crime was under the age of 18, a defendant has a "prohibition on living within 1,000 feet of a school, child care facility, park, playground, or other place where children regularly congregate, as prescribed by the court." Defendant voluntarily relieved himself of this prohibition when he simply arrived to the trailer park where he was living, a trailer park clearly inhabited by children, and interloped into that community, with no one the wiser as to his status.

As argued above, Defendant shows nothing in the way of rehabilitation since his prior incarceration. He shows instead a steady path towards recidivism and flouting the

restrictions under which he is supposed to be living. An appropriate and serious sentence is all that stands in between the public and Defendant's potential to continue to engage in criminal behavior after he is released from prison.

Pursuant to the United States Sentencing Guidelines at Section 4A1.3(a), "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." The Government argues that the 3 criminal history points assigned to the Defendant's prior sex case and the 0 criminal history points assigned to the Defendant's first sex case do not adequately reflect either the seriousness of the underlying case for which he is currently being supervised, nor the fact that he is a repeat sex-offender who does not want to comply with monitoring designed to prevent him from committing additional future crimes. *See United States v. Nelson*, 502 Fed. Appx. 912, 914 (11th Cir 2012); *and see United States v. Williams*, 989 F.2d 1137, 1141 (11th Cir. 1993) (holding that the district court properly considered a defendant's "remote juvenile sentences" in deciding whether to depart upward from the guidelines range.)

Given the nature and circumstances of this offense, the history and characteristics of Defendant, the need for the sentence imposed, the danger Defendant presents to the community at large, and all the 3553 factors, the Government respectfully requests that this Court Depart Upward and Sentence Defendant in a

manner that more adequately reflects the seriousness of his criminal history and the very likelihood that he will continue to commit other crimes.

> Respectfully submitted,
>
> JUAN ANTONIO GONZALEZ
> UNITED STATES ATTORNEY
>
> By:   **/s/Luisa Honora Berti**
> LUISA HONORA BERTI
> ASSISTANT UNITED STATES ATTORNEY
> Florida Bar Number 73462
> United States Attorney's Office
> 101 South U.S. Highway 1, Suite 3100
> Fort Pierce, Florida 34950
> Telephone: (772) 293-0982
> Email: Luisa.Berti@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

        **/s/Luisa Honora Berti**
        LUISA HONORA BERTI
        ASSISTANT UNITED STATES ATTORNEY

## SERVICE LIST
United States v. John Francis Bolieau
**Case No. 22-CR-14002-CANNON/MAYNARD**
United States District Court
Southern District of Florida

| Party: | Counsel: |
|---|---|
| Plaintiff: United States | LUISA HONORA BERTI<br>Assistant United States Attorney<br>United States Attorney's Office<br>101 South US Highway 1, Suite 3100<br>Fort Pierce, Florida 34950<br>Email: Luisa.Berti@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant: John Francis Bolieau | PANAYOTTA AUGUSTIN-BIRCH<br>Assistant Federal Public Defender<br>109 North Second Street<br>Fort Pierce, FL 34950<br>Email: Panayotta_Augustin-Birch@fd.org<br>via Notice of Electronic Filing generated by CM/ECF |